Exhibit A

Case 5:25-cv-01338-KK-SC   Document 1-1   Filed 05/30/25   Page 2 of 33   Page ID #:8
Electronically FILED by Superior Court of California, County of Riverside on 04/15/2025 03:43 PM
Case Number CVME2504324 0000125972990 - Jason B. Galkin, Executive Officer/Clerk of the Court By Alyssa LaMar, Clerk

| | |
|---|---|
| **SUMMONS**<br>*(CITACION JUDICIAL)* | **SUM-100** |

**NOTICE TO DEFENDANT:** SERVICE FINANCE COMPANY, LLC, and
*(AVISO AL DEMANDADO):* DOES 1 through 20, inclusive

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**YOU ARE BEING SUED BY PLAINTIFF:** TAYLOR HANEY
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
RIVERSIDE COUNTY SUPERIOR COURT
27401 Menifee Center Dr.
Menifee, CA  92584
Menifee Justice Center

CASE NUMBER:
*(Número del Caso):*
CVME2504324

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kristin Kemnitzer  Bar No. 278946          (415) 632-1900     (415) 632-1901
KEMNITZER, BARRON & KRIEG, LLP
1120 Mar West St., Ste. C2
Tiburon, CA  94920

DATE:
*(Fecha)* 04/15/2025          Clerk, by  A. LaMar          , Deputy
                              *(Secretario)*                  *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

GC68150(g)

**Page 1 of 1**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |

Electronically FILED by Superior Court of California, County of Riverside on 04/15/2025 03:43 PM
Case Number CVME2504324 0000125972987 - Jason B. Galkin, Executive Officer/Clerk of the Court By Alyssa LaMar, Clerk

1  KEMNITZER, BARRON & KRIEG, LLP
2  KRISTIN KEMNITZER      Bar No. 278946
   ADAM J. MCNEILE        Bar No. 280296
   MALACHI J. HASWELL     Bar No. 307729
3  KATHERINE SASS         Bar No. 326185
   1120 Mar West St., Ste. C-2
4  Tiburon, CA 94920
   Telephone: (415) 632-1900
5  Facsimile: (415) 632-1901
   kristin@kbklegal.com
6  adam@kbklegal.com
   kai@kbklegal.com
7  katie@kbklegal.com

8  Attorneys for Plaintiff TAYLOR HANEY

9

10

11

12                IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

                   IN AND FOR THE COUNTY OF RIVERSIDE
13

14  TAYLOR HANEY,                        Case No. CVME2504324

15                    Plaintiff ,        COMPLAINT FOR:

16         vs.                           I.    DECLARATORY RELIEF;
                                         II.   VIOLATIONS OF THE HOME
17  SERVICE FINANCE COMPANY, LLC,              SOLICITATION SALES ACT
    and DOES 1 through 20, inclusive,          (CIVIL CODE § 1689.5, *et seq.*);
18                                       III.  THE ROSENTHAL FAIR DEBT
                      Defendants.              COLLECTION PRACTICES ACT
19                                             (Civ. Code §1788, *et seq.*); AND
                                         IV.   VIOLATIONS OF THE UNFAIR
20                                             COMPETITION LAW (BUSINESS
                                               & PROFESSIONS CODE §17200, *et*
21                                             *seq.*)

22                                       Unlimited Civil Case

23                                       JURY TRIAL DEMANDED
                                    /
24

25

26

27

28

# **INTRODUCTION**

1.      Solar is one of the fastest growing global industries, with a valuation of $154.47 billion in 2020, estimated to balloon to over $1 trillion by 2028.[1] The solar market grew 51% from 2022 to 2023.[2] Though transitioning to green energy is a noble goal, the deployment of consumer products in this nascent business has been riddled with systematic failures to afford consumers the basic statutory protections to which they are entitled.[3]

2.      In California, contracts or offers to consumers solicited outside a company's trade premises are governed by the Home Solicitation Sales Act, Civil Code §§1689.5, *et seq*. ("HSSA"). Among other requirements, the HSSA mandates that any company making such offer or otherwise soliciting any such contract include in its documentation a written notice to the consumer of their absolute right to revoke and offer and/or cancel the contract in the exact terms set forth in Civ. Code §1689.7. This notice must explain that the consumer has a three-day right to cancel, using precise language specified in the statute. Civ. Code §§1689.6(a)(1), 1689.7(a)(1)(B), (a)(4)(A), and (c)(1).

3.      Service Finance Company, LLC ("Service Finance") is a home improvement lender that partners with contractors like Standard Eco LLC ("Standard Eco") to offer financial products for home improvements such as solar panel installations. Despite its prevalence in the California solar market, Service Finance has systematically failed to comply with the HSSA, by among other things, failing to provide the required notice of a three-day right-to-cancel to consumers.

4.      The consequence of failing to comply with the HSSA's exacting requirements is straight-forward—a valid contract is never formed because the consumer retains an indefinite cooling-off period for any such contract or offer, such that it is not effective until the consumer

---

[1] *See Solar Photovoltaic Market Size [2021-2028] USD 1,00.92 Billion* (Apr. 25, 2022), https://finance.yahoo.com/news/solar-photovoltaic-market-size-2021-120400068.html.
[2] Ctr. for Responsible Lending, THE SHADY SIDE OF SOLAR SYSTEM FINANCING 5 (July 2024), https://www.responsiblelending.org/sites/default/files/nodes/files/research-publication/crl-shady-side-solar-financing-jul2024.pdf.
[3] *Id.* at 8 (identifying the harms of solar financing to include misleading sales practices, unscrupulous installers, predatory contract clauses, and other harmful practices such as elder abuse and lack of due diligence); *see also* Consumer Fin. Prot. Bureau, *Issue Spotlight: Solar Financing* (Aug. 7, 2024) https://www.consumerfinance.gov/data-research/research-reports/issue-spotlight-solar-financing (listing hidden markups and fees, misleading statements about federal tax credits, misrepresentations about payment terms, and misrepresentations about financial benefits as key consumer risks to solar financing).

1    receives a *new* contract that is fully compliant with the HSSA. Civ. Code §§1689.6(a)(1),

2    1689.7(g). The HSSA also provides the consumer a right to revoke or cancel, in which case a

3    non-compliant company is entitled to no compensation whatsoever, not even reimbursement for

4    any past expenditures, and any previous payments must be refunded. Civ. Code §1689.7(c)(1).

5    Courts have described the remedy for failure to comply as "Caveat Vendor."[4]

6    5.    Plaintiff Taylor Haney ("Plaintiff") received a Service Finance Loan Agreement Offer

7    that does not contain a statutorily compliant 3-day right-to-cancel form. Nor does the Service

8    Finance Loan Agreement Offer contain a cancellation form *in duplicate*, as required by the

9    HSSA. The Standard Eco Home Improvement Offer (together with the Service Finance Loan

10   Agreement Offer, the "Offers") does not comply with the HSSA either, as it fails to include the

11   statutorily required language.

12   6.    Plaintiff brings this action for violation of the HSSA, the Rosenthal Fair Debt Collection

13   Practices Act, Civ. Code §1788, *et seq.* ("Rosenthal Act"), and the Unfair Competition Law,

14   Bus & Prof. Code §17200, *et seq.* ("UCL") to obtain actual and statutory damages, and

15   restitution for the harm that he has suffered as well as declaratory relief and a public injunction

16   against Service Finance to enjoin its unlawful, unfair, and fraudulent conduct.

17                                      **PARTIES**

18   7.    Plaintiff Taylor Haney is an individual. At all times relevant herein, Plaintiff was, and

19   currently is, a resident of the State of California, County of Riverside.

20   8.    Defendant Service Finance is, and at all times relevant herein was, a Florida Limited

21   Liability Company with its principal place of business in Florida, that at all times relevant

22   herein was conducting business in the County of Riverside.

23                                 **DOE DEFENDANTS**

24   9.    Plaintiff does not know the true names and capacities, whether corporate, partnership,

25   

26   [4] "If this result appears to deal harshly with merchants who have fully performed under their contracts, it seems clear to this court that the message which the Legislature has attempted to convey by enactment of sections 1689.5 *et seq.* of the Civil Code is 'Caveat Vendor.' Merchants, put on notice by the statute, can easily and inexpensively protect themselves, however, by including a right to cancel provision and an accompanying notice of cancellation as a matter of course in all contracts signed outside their trade premises." *Weatherall Aluminum Prods. Co. v. Scott* (1977) 71 Cal.App.3d 245, 249; *see also Nordeman v. Dish Network LLC* (N.D. Cal. 2021) 525 F.Supp.3d 1080, 1087 (approving the same language in a more recent case).

1  associate, individual or otherwise, of Defendants sued herein as Does 1 through 20, inclusive,

2  pursuant to §474 of the California Code of Civil Procedure. Nonetheless, Plaintiff alleges that

3  Defendants Does 1 through 20, inclusive, are in some manner responsible for the acts,

4  occurrences and transactions set forth herein and are legally liable to Plaintiff. Plaintiff will seek

5  leave to amend this complaint to set forth the true names and capacities of the Doe Defendants,

6  together with appropriate charging allegations, if and when ascertained.

7                                    **THE HOLDER RULE**

8  10.      All claims and defenses that Plaintiff has against Standard Eco arising out of the

9  fraudulent transaction are also valid against Service Finance because Service Finance is the

10  holder of any alleged consumer credit contract. Given the violations of law alleged below, and

11  the Federal Trade Commission Holder in Due Course rule, 16 C.F.R. §433, et seq., which

12  subjects the holder of a consumer credit contract to all claims and defenses of the consumer

13  against the seller, Service Finance is subject to all claims and defenses Plaintiff may have

14  against Standard Eco.

15                                        **AGENCY**

16  11.      Furthermore, Plaintiff is informed, believes, and thereon alleges that at all times

17  mentioned herein Standard Eco employees and/or representatives act as agents and at the

18  direction of Service Finance as part of the Service Finance Program described below. Service

19  Finance retained the right to control the conduct of Standard Eco, including by (1) requiring

20  Standard Eco sales agents to use specific software, applications, and technology when engaging

21  in transactions with consumers on Service Finance's behalf; (2) controlling the Service Finance

22  products Standard Eco sales agents could offer, the terms and conditions of the products

23  offered, the method of presentation of the products offered, and the contractual documents that

24  could be utilized; (3) controlling the marketing and sales tactics of Standard Eco and its sales

25  agents; and (4) retaining the right to discipline Standard Eco and sales agents for violations of

26  policies and procedures set by Service Finance. At all times, Service Finance has ratified the

27  conduct of Standard Eco and its sales agents, including in the instant case.

28  //

## JURISDICTION AND VENUE

12.     Venue is proper in Riverside County because Plaintiff resides in Riverside County, Defendants conduct business in Riverside County, and the alleged unlawful actions took place in Riverside County.

13.     This Court has jurisdiction over Plaintiff's claims because Plaintiff is a resident of California and because the Defendants are qualified to do business in California and regularly conduct business in California. Furthermore, the acts and omissions complained of herein occurred at locations in California.

## FACTUAL ALLEGATIONS

**A.     Service Finance's Business Model and Partner Program**

14.     Service Finance is a lender that utilizes a paperless point-of-sale system for generating consumer loans that it disburses to its partner contractors to finance home improvement projects for individual consumers. A significant portion of these projects involve the installation of solar panels.

15.     Service Finance designed, implemented, and oversees the "Service Finance Program." Service Finance uses its Partner contractors to arrange for and/or conduct home solicitations for construction projects to be financed by Service Finance. It advertises:

> Service Finance Company, LLC is a nationally licensed sales finance company and an approved FHA Title 1 Lender. We provide in excess of fifty financing solutions which include promotional and standard installment terms for home improvement contractors enrolled in the SFC Financing Program. Our program strives to provide our contractors with the flexibility they require to offer their customers the ability to finance their purchases such as: HVA, Windows, Doors, Siding, Sunrooms, Flooring, Water Treatment, Plumbing, Solar, Roofing, Insulation and many more.[5]

16.     Under the Service Finance Program, the contractors become Service Finance's "Partners," and the sales agents of these "Partners" are deputized to simultaneously sell customers home improvement projects and arrange financing for the projects through Service Finance loans.

17.     Standard Eco participated in the Service Finance Program and has been one of Service

---

[5] *See* https://www.svcfin.com/# (last visited December 3, 2024).

Finance's Partners.

18.     Service Finance offers its contractor Partners like Standard Eco immediate, on-the-spot approval of the loan applications that they submit through an electronic, paperless process. This assures that the Partner contractors can close transactions including the accompanying Service Finance loan financing in minutes through "e-signing" the documents, usually while the customer is in their home.

19.     Customers cannot apply directly to Service Finance for a home improvement loan. Instead, Service Finance will process a loan application only if it is presented through a Partner, with the proceeds of the loan being disbursed directly to the Partner.

20.     Every home improvement transaction financed by a Service Finance loan follows a similar pattern: a contractor's salesperson engages with a consumer somewhere other than the seller's place of business, persuades the consumer to enter into a home improvement offer or contract to be financed by Service Finance, and applies for and obtains authorization for financing through Service Finance in the form of a Loan Agreement Offer. Because the transactions take place other than at an "appropriate" trade premises (i.e. a store), these transactions must comply with every applicable requirement of the HSSA.

21.     In violation of the HSSA, Service Finance's Loan Agreement Offers systematically fail to afford consumers a three-day right to cancel using the statutorily mandated language and fail to provide two copies of the mandated form to be used for cancellation. Civ. Code §1689.7(a)(1)(B), (c)(1). The Standard Eco Home Improvement Offer also fails to comply with the HSSA, as it does not include the statutorily required language. Civ. Code §1689.7(a)(4)(A).

**B.    The Offers Fail To Comply With The HSSA**

22.     The Legislature enacted the HSSA in 1971 to protect California consumers against the possibility of undue sales pressure where a sales agent comes to a buyer's home or the transaction is otherwise consummated anywhere other than the seller's appropriate trade premises.

23.     While home solicitation is the core conduct addressed by the HSSA, its reach is far broader. The HSSA defines "home solicitation" to mean "any contract, whether single or

1  multiple, or any offer which is subject to approval, for the sale, lease, or rental of goods or

2  services or both, *made at other than appropriate trade premises* in an amount of twenty-five

3  dollars ($25) or more, including any interest or service charges." Civ. Code §1689.5(a)

4  (emphasis added). The definition focuses not on who initiated the contact between the buyer

5  and the seller or how it was initiated, but on "the place where the contract was made."

6  *Nordeman v. Dish Network LLC* (N.D. Cal. 2021) 525 F.Supp.3d 1080, 1085; *see also Louis*

7  *Luskin & Sons, Inc. v. Samovitz* (1985) 166 Cal.App.3d 533, 536 ("As is evident from this

8  language, the test for applicability of the statute is not whether the contract is made at the

9  buyer's home but whether it is made somewhere other than the seller's place of business.").

10  "Appropriate trade premises" means "premises where either the owner or seller normally carries

11  on a business." Civ. Code §1689(b).[6]

12  24.      As pertinent here, the HSSA applies to both the Standard Eco Home Improvement Offer

13  and the Service Finance Loan Agreement Offer, since both were consummated by Plaintiff in

14  his home and are otherwise required to comply with Civ. Code §1689.5 *et seq.*

15  25.      Service Finance's loans are made in connection with the sale of goods or services (i.e.,

16  the goods and services promised in the home improvement contracts) and are therefore covered

17  by the HSSA. The term "goods" in that statute is broadly defined to mean any "tangible chattels

18  bought for use primarily for personal, family, or household purposes," with exceptions not

19  relevant to this case. Civ. Code §1689.5(c). The term "services" is defined to mean "services

20  furnished in connection with the repair, restoration, alteration, or improvement of residential

21  premises." Civ. Code §1689.5(d). While the HSSA excludes from its purview financial services

22  "that are not connected with the sale of goods or services," financial services that *are* connected

23  with the sale of goods or services, such as Service Finance loans for solar panels and other

24  home improvements, are *not* exempt.

25

26  ---

[6] Even when a consumer's contact with the business is over the phone, the fact that the signing of an offer or contract was in the consumer's residence subjects the offer or contract to the requirements of the HSSA. *Nordeman*, 525 F.Supp.3d at 1086; *see also Louis Luskin*, 166 Cal.App.3d at 537 ("Although the home solicitation

27  statute is commonly thought of as protecting consumers from high pressure sales tactics of door-to-door solicitors, the clear, unambiguous language of the statutes gives it a much broader application."); *People v. Toomey* (1984)

28  157 Cal.App.3d 1, 13–14.

26.     The HSSA requires that any offers or agreements covered by the statute include a three-day right to cancel. Any such offers or agreements must use the precise language mandated by the statute and must include two copies of a specified form for cancel to be used at the consumer's option to cancel the contract or revoke the offer. Civ. Code §§1689.6(a)(1), 1689.7(c)(1).

27.     If a seller fails to strictly comply with these notice provisions, then an offer or contract was never formed and the buyer retains an indefinite cooling off period, unless and until the seller fully complies with the HSSA. Civ. Code §1689.7(g). The seller is not entitled to any compensation in the event of revocation or cancellation and must refund all payments made by the consumer—even when the seller has already performed services. Civ. Code §1689.11(c) ("If the seller has performed any services pursuant to a home solicitation contract or offer prior to its cancellation, the seller is entitled to no compensation."); *Nordeman*, 525 F.Supp.3d at 1086 ("A violation of the statute precludes any obligation of the buyer to pay for services from the seller prior to cancellation."). If goods have been provided, the seller can recover them at its own expense if it acts promptly and follows the statute's procedural requirements, including the required refund of any payments made by the consumer pursuant to the now-cancelled contract or otherwise revoked offer. Civ. Code §1689.10(a) and (c).

**C.    The Offers Violated Plaintiff's Rights Under the HSSA and Other Laws**

28.     Plaintiff owns a home with his wife in Winchester, California.

29.     Sometime in 2023, Plaintiff became interested in getting solar panels. Mr. Haney's acquaintance, who worked in solar as a side business, facilitated Service Finance sending Mr. Haney a Loan Agreement Offer. Plaintiff spoke with the sales representative over the phone and Service Finance thereafter provided Plaintiff with a Loan Agreement Offer. The Loan Agreement Offer did not comply with Civ. Code §1689.7.

30.     The Loan Agreement Offer states that the financing is for a principal amount of $63,616.77 and a finance charge of $44,889.63, for a total payment of $108,506.40 over 20 years.

31.     The Loan Agreement Offer fails to comply with the HSSA in at least the following

respects:

| HSSA Requirement | Service Finance Loan Agreement Offer |
|---|---|
| "[I]n a home solicitation contract or offer, the buyer's agreement or offer to purchase . . . shall contain in immediate proximity to the space reserved for the buyer's signature, a conspicuous statement in a size equal to at least 10-point boldface type, as follows: . . . 'You, the buyer, may cancel this transaction at any time prior to midnight of the third business day after the date of this transaction. See the attached notice of cancellation form for an explanation of this right.'"<br><br>Civ. Code §1689.7(a)(1)(B) | The Loan Agreement Offer fails to include this language and fails to attach a proper form of notice of cancellation containing the statutorily required language. |
| The offer or contract must "be accompanied by a completed form **in duplicate**, captioned 'Notice of Cancellation' which shall be attached to the agreement or offer to purchase and be easily detachable, and which shall contain in type of at least 10-point [the statutorily mandated language for that form.]"<br><br>Civ. Code §1689.7(c)(1) (emphasis added). | The cancellation form attached to the Loan Agreement Offer is neither "in duplicate" nor captioned "Notice of Cancellation" as required by the statute. Instead, it is a single page captioned "NOTICE OF RIGHT OF RESCISSION (FOR REFINANCING BY A DIFFERENT LENDER OR ORIGINATION OF A NEW RESCINDABLE LOAN)." The document also contains none of the requisite language. |
| A consumer must be given an unfettered right to revoke or otherwise cancel any covered offer or contract until midnight of the third business day following the day after the day on which the consumer signs the contract. The language in the right to cancel must appear verbatim in the statute.<br><br>Civ. Code §1689.6(c)(1). | The Loan Agreement Offer fails to include the statutorily required language. |

32.    The Standard Eco Home Improvement Offer fails to comply with the HSSA in at least the following respects:

| HSSA Requirement | Standard Eco Home Improvement Offer |
|---|---|
| A consumer must be given an unfettered right to cancel any covered contract until midnight of the third business day following the day after the day on which the consumer signs the contract. The language in the right to cancel must appear verbatim in the statute.<br><br>Civ. Code §1689.7(a)(4)(A). | The Home Improvement Offer fails to include the statutorily required language. |

33.    In or around January 2024, solar panels were installed on Plaintiff's roof. The panels did

not function properly, and the installation damaged his roof. Specifically, Standard Eco installed incorrect microinverters that were incompatible with the rest of the system, the microinverters that were installed were broken, and several of the panels did not work.

34.    Plaintiff continuously attempted to contact Standard Eco, but they refused remedy their substandard work.

35.    Plaintiff then tried to reach Service Finance for assistance. Service Finance refused to assist Plaintiff and claimed that it no longer contracted with Standard Eco.

36.    Yet, Service Finance started demanding monthly payments. Plaintiff felt he had no choice but to make payments to protect his credit.

37.    On or around November 18, 2024, given the fact that Plaintiff never received HSSA-compliant offers or contracts from either Service Finance or Standard Eco and thus agreements were never formed in the first instance, Plaintiff exercised his absolute right to revoke or otherwise cancel the Standard Eco Home Improvement Offer and Service Finance Loan Agreement Offer.

38.    Service Finance has failed to acknowledge Plaintiff's lawful revocation and/or cancellation and has failed to fulfill its statutory obligation to return to Plaintiff all payments he has made to Service Finance pursuant to the Loan Agreement Offer. To this day, Service Finance continues to demand monthly payments from Plaintiff.

**FIRST CAUSE OF ACTION**
**(Declaratory Relief, Code of Civ. Proc. §1060)**
**(On Behalf of Plaintiff Against Service Finance and Does 1-20)**

39.    Plaintiff realleges and incorporates by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

40.    In addition to its own violations of law, Service Finance is subject to all claims and defenses that Plaintiff has against Standard Eco under the FTC's Holder Rule.

41.    An actual and present controversy exists between the parties regarding their rights and duties in connection with the Service Finance Loan Agreement Offer and Standard Eco Home Improvement Offer. Specifically, Plaintiff contends, and is informed and believes that Service Finance denies, each of the following:

a. Because Plaintiff's Service Finance Loan Agreement Offer failed to comply with the HSSA requirement to provide a three-day right to cancel and was thus never lawfully formed in the first instance, Plaintiff was entitled to revoke that offer at any time;

b. Because Plaintiff's Service Finance Loan Agreement Offer failed to comply with the HSSA requirement to provide in duplicate a statutorily-compliant form to use for cancellation and was thus never lawfully formed in the first instance, Plaintiff was entitled to revoke the offer at any time;

c. Because Plaintiff's Standard Eco Home Improvement Offer failed to include the statutorily required language and was thus never lawfully formed in the first instance, Plaintiff was entitled to revoke the offer at any time; and

d. Having exercised the right to revoke the Service Finance Loan Agreement Offer and Standard Eco Home Improvement Offer pursuant to the HSSA, any duties or obligations stated in the Agreement are inapplicable to Plaintiff and no such duties or obligations can be enforced against him.

42.     Plaintiff desires an judicial determination of his rights and duties (if any) under the Service Finance Loan Agreement Offer and Standard Eco Home Improvement Offer.

WHEREFORE, Plaintiff prays for relief as set forth below.

### SECOND CAUSE OF ACTION
**(Violations of the Home Solicitation Sales Act, Civil Code §1689.5, *et* seq.)**
**(On Behalf of Plaintiff Against Service Finance and Does 1-20)**

43.     Plaintiff realleges and incorporates by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

44.     In addition to its own violations of law, Service Finance is subject to all claims and defenses that Plaintiff has against Standard Eco under the FTC's Holder Rule.

45.     The Loan Agreement Offer and Home Improvement Offer that Service Finance seeks to enforce against Plaintiff was entered into at Plaintiff's home (not an "appropriate trade premise"), and are offers for "goods" and/or "services," and is regulated by and subject to the HSSA.

46.     Service Finance's Loan Agreement Offer form fails to comply with the HSSA in at least the following respects:

    a.  Service Finance's Loan Agreement Offer fails to provide the statutorily-compliant statement in immediate proximity to the space reserved for the buyer's signature: "You, the buyer, may cancel this transaction at any time prior to midnight of the third business day after the date of this transaction. See attached notice of cancellation form for an explanation of this right." (violation of Civ. Code §1689.7(a)(1)(b));

    b.  Service Finance's Loan Agreement Offer fails to provide the statutorily-compliant three-day right to cancel to borrowers. (violation of Civ. Code §1689.7(c)(1));

    c.  Service Finance's Loan Agreement Offer fails to include "in duplicate" the statutorily-required form for customers to exercise their right to cancel. (violation of Civ. Code §1689.7(c)(1)); and

    d.  Service Finance's Loan Agreement Offer fails to include a form with the statutorily-required language for customers to exercise their right to cancel. (violation of Civ. Code §1689.7(c)(1)).

47.     Standard Eco's Home Improvement Offer fails to comply with the HSSA in at least the following respect:

    a.  Standard Eco's Home Improvement Offer fails to include a statutorily compliant notice of a consumer's three-day right to cancel. (violation of Civ. Code §1689.7(a)(4)(A).

48.     Plaintiff has exercised his statutory right to revoke the Standard Eco Home Improvement Offer and the Finance Loan Agreement Offer.

49.     If a consumer revokes an offer or otherwise cancels a contract governed by the HSSA, the other party must tender to the consumer within ten (10) days of revocation or cancellation all amounts paid by the consumer under the offer or contract. Civ. Code §1689.7(c)(1). Service Finance has not fulfilled its legal duty to repay Plaintiff the sums he paid under the Loan

1    Agreement Offer.

2         WHEREFORE, Plaintiff prays for relief as set forth below.

3                         **THIRD CAUSE OF ACTION**
**(Violations of the Rosenthal Fair Debt Collection Practices Act, Civil Code §1788, *et seq.*)**
4    **(On Behalf of Plaintiff Against Service Finance and Does 1-20)**

5    50.    Plaintiff realleges and incorporates herein by reference as though fully set forth herein

6    each and every allegation contained in the preceding paragraphs.

7    51.    The Rosenthal Act, Civil Code §1788, *et seq*. was enacted in 1976 to ensure the integrity

8    of our banking and credit industry. Civil Code §1788.1(b). The Legislature found that "unfair or

9    deceptive debt collection practices undermine the public confidence which is essential to the

10   continued functioning of the banking and credit system and sound extensions of credit to

11   consumers." Civil Code §1788.1(a)(1).

12   52.    At all times relevant herein Service Finance was and is a "debt collector" within the

13   meaning of Civil Code §1788.2(c). Service Finance regularly and in the ordinary course of

14   business, on behalf of itself or others, engages in acts and practices in connection with the

15   collection of consumer debt.

16   53.    The debt which Service Finance is attempting to collect from Plaintiff is a "consumer

17   debt" within the meaning of Civil Code §1788.2(f). Plaintiff is a "debtor" within the meaning of

18   Civil Code §1788.2(h) in that they are natural persons from whom Service Finance sought and

19   continue to seek to collect a consumer debt alleged to be due and owing.

20   54.    Service Finance has a non-delegable duty under the Rosenthal Act not to commit

21   violations of the Act, and not to allow its agents to commit such violations, which duty

22   Defendants are prohibited from violating.

23   55.    Since November 2024, Service Finance has attempted to collect a non-existent debt

24   from Plaintiff. Service Finance made false representations that Plaintiff owed monthly payments

25   to Service Finance even though Plaintiff never had any obligation to Service Finance after he

26   lawfully revoked or otherwise cancelled the unlawful Service Finance Loan Agreement Offer

27   and Standard Eco Home Improvement Offer. This was a violation of Civil Code §1788.17

28   (through violation of 15 U.S.C. §1692e, including §1692e(2)).

56.    Even after Plaintiff lawfully revoked or otherwise cancelled any offers or agreements with Service Finance and Standard Eco, Service Finance continued to attempt to collect a non-existent debt from Plaintiff.

57.    Service Finance has violated the Rosenthal Act. The violations include, but are not limited to the following:

    a.    Service Finance made and used false, deceptive, and misleading representations in an attempt to collect on the account that Plaintiff lawfully revoked or otherwise cancelled, in violation of California Civil Code § 1788.17;[7]

    b.    Service Finance misrepresented the character, amount, or legal status of the account that Plaintiff lawfully revoked or otherwise cancelled, in violation of California Civil Code §§ 1788.13(e) and 1788.17;[8]

    c.    Service Finance is attempting to collect on the account that Plaintiff lawfully cancelled, an action that cannot lawfully be taken, in violation of California Civil Code 1788.13(e) and 1788.17;[9]

    d.    Service Finance misrepresented that the account is lawfully owed by Plaintiff when Plaintiff lawfully revoked or otherwise cancelled the account, in violation of California Civil Code § 1788.17;[10]

    e.    Service Finance is attempting to collect interest, fees, or other charges from Plaintiff that are not expressly authorized by the law or otherwise permitted by law, in violation of California Civil Code §§1788.13(e) and 1788.17;[11] and

    f.    Service Finance also violated California Civil Code §1788.10(f).

58.    Furthermore, Service Finance violated Civ. Code §1788.17, which requires every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of 15 U.S.C. §1692b to §1692j of 15 U.S.C. §1692.

59.    As a proximate result of Service Finance's violations of the Rosenthal Act, Plaintiff

---

[7] 15 U.S.C. §§ 1692e and 1692e(10).
[8] 15 U.S.C. § 1692e(2)(A).
[9] 15 U.S.C. § 1692e(2), 1692e(5) and 1692e(10).
[10] 15 U.S.C. § 1692e, 1692e(5), and 1692e(10).
[11] 15 U.S.C. § 1692f(1).

1    suffered damages in amounts to be proven at trial.

2    60.    Plaintiff is entitled to recover his actual damages pursuant to Civil Code §1788.17,

3    incorporating by reference 15 U.S.C. §1692k(a)(1), or in the alternative, Civil Code

4    §1788.30(a).

5    61.    Plaintiff is also entitled to recover statutory damages pursuant to Civil Code §1788.17,

6    which incorporates by reference the remedies of 15 U.S.C. §1692k(a)(2)(A), or in the

7    alternative, Civil Code §1788.30(b).

8    62.    Plaintiff is entitled to attorneys' fees and costs pursuant to Civil Code §1788.17,

9    incorporating by reference 15 U.S.C. §1692k(a)(3), or in the alternative, Civil Code

10    §1788.30(c).

11    WHEREFORE, Plaintiff prays for relief as set forth below.

12    **FOURTH CAUSE OF ACTION**
**(Violations of Business and Professions Code §17200, *et seq*.)**
13    **(On Behalf of Plaintiff Against Service Finance and Does 1-20)**

14    63.    Plaintiff realleges and incorporates by reference as though fully set forth herein each and

15    every allegation contained in the paragraphs above.

16    64.    In addition to its own violations of law, Service Finance is subject to all claims and

17    defenses that Plaintiff has against Standard Eco under the FTC's Holder Rule.

18    65.    Plaintiff has standing to bring this claim because he has suffered injury in fact and lost

19    money or property as a result of the acts and practices alleged herein. Specifically, Plaintiff has

20    made payments to Service Finance which have not been returned to him despite lawfully

21    revoking or otherwise cancelling any Service Finance Loan Agreement Offer.

22    66.    The UCL prohibits unfair competition, defined to include any unlawful, unfair, or

23    fraudulent business act or practice. Beginning on an exact date unknown to Plaintiff, but at all

24    times relevant herein, Service Finance committed and is continuing to commit acts of unfair

25    competition proscribed by the UCL, including the practices alleged herein.

26    *67.*    The business acts of Service Finance, as hereinabove alleged, constitute unlawful

27    business practices in that the acts and practices violate Civ. Code §1689.5 *et seq*.

28    68.    The business acts of Service Finance, as hereinabove alleged, also constitute unlawful

1  practices under federal law in at least the following respect: Service Finance has violated the

2  Federal Trade Commission Holder in Due Course rule, 16 C.F.R. §433, *et seq.* by failing to

3  comply with the Holder in Due Course Rule, including by denying liability.

4  69.     The business acts and practices of Service Finance, as hereinabove alleged, constitute

5  unfair business practices under any of the alternative applicable formulations: (1) the conduct

6  offends established public policy, or is immoral, unethical, oppressive, unscrupulous or

7  substantially injurious to consumers, *McKell v. Wash. Mutual, Inc.* (2006) 142 Cal.App.4th

8  1457, 1473; (2) the conduct's utility is outweighed by the gravity of the harm to the victim, *S.*

9  *Bay Chevrolet v. Gen. Motors Acceptance Corp.* (1999) 72 Cal.App.4th 861, 886–87; and (3)

10  the conduct is (i) substantially injurious to the consumer, where (ii) the injury is not outweighed

11  by countervailing benefits to consumers or competition, and (iii) the injury is not one that

12  consumers themselves could reasonably have avoided, *Camacho v. Automobile Club of S. Cal.*

13  (2006) 142 Cal.App.4th 1394, 1403.

14  70.     The business acts and practices of Service Finance as hereinabove alleged, constitute

15  "fraudulent" business practices in that the acts and practices are likely to deceive the public and

16  affected consumers as to their legal rights and obligations and avoid mandated disclosures; and

17  by use of such deception, induce consumers to enter transactions which they otherwise would

18  decline or fail to revoked or otherwise cancel transactions that they would otherwise revoke or

19  cancel.

20  71.     The unlawful, unfair, and fraudulent business acts and practices described herein present

21  a continuing threat in that Service Finance is currently engaging in such acts and practices and,

22  on information and belief, will likely persist and continue to do so unless and until an injunction

23  is issued by the Court.

24  72.     Pursuant to Business and Professions Code §17203, Plaintiff seeks an injunction for the

25  unlawful, unfair, and fraudulent acts engaged in by Service Finance. Specifically, injunctive

26  relief against Service Finance is appropriate to halt its unlawful, unfair, and fraudulent conduct

27  in failing to provide consumers with loan documents which contain all of the statutorily

28  required rights to cancel, and notices of those rights to cancel, guaranteed by law.

73.     Plaintiff is entitled to restitution of all amounts taken by Defendant.

74.     Plaintiff is entitled to an award of attorneys' fees and costs in prosecuting this action under Code of Civil Procedure §1021.5 because:

      a.  A successful outcome in this action will result in the enforcement of important rights affecting the public interest by protecting the general public from unfair, unlawful, and deceptive practices.

      b.  This action will result in a significant public benefit by compelling Defendant to comply with the law.

      c.  Unless this action is prosecuted, Defendant's activities will go unremedied and will continue unabated.

      d.  Plaintiff is an individual of modest means with limited access to the courts and the civil justice system. Unless attorneys' fees, costs and expenses are awarded against Defendants, Plaintiff will not recover the full measure of his loss.

WHEREFORE, Plaintiff prays for relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

(1)     An award of actual damages;

(2)     An award of general damages;

(3)     An award of statutory damages;

(4)     An award of nominal damages;

(5)     An award of restitution;

(6)     An order finding and declaring that any alleged offers or contracts between Plaintiff and Service Finance and Standard Eco were never lawfully formed in the first instance and/or have been revoked or otherwise cancelled;

(7)     An order finding and declaring that any items affixed to Plaintiff's home by Standard Eco are the property of Plaintiff without obligation to pay for them;

(8)     An order finding and declaring that Service Finance's acts and practices challenged

1  herein are unlawful, unfair, and fraudulent;

2  (9)    A comprehensive public injunction permanently barring Service Finance from engaging

3  in the unlawful, unfair, and fraudulent business practices challenged herein and compelling

4  Service Finance to conform their conduct to the requirements of the law;

5  (10)    Prejudgment interest at the maximum legal rate;

6  (11)    An award of attorneys' fees, costs, and expenses incurred in the investigation, filing, and

7  prosecution of this action; and

8  (12)    Any other and further relief as this Court shall deem just and proper.

9  Dated: April 15, 2025                      KEMNITZER, BARRON & KRIEG, LLP

10

11                                      By: _____

12                                           KRISTIN KEMNITZER
                                             ADAM McNEILE

13                            **<u>JURY TRIAL DEMANDED</u>**

14       Plaintiff demands a trial by jury on all issues so triable.

15  Dated:  April 15, 2025                     KEMNITZER, BARRON & KRIEG, LLP

16

17                                      By: _____

18                                           KRISTIN KEMNITZER
                                             ADAM McNEILE

19

20

21

22

23

24

25

26

27

28

Case 5:25-cv-01838-KK-SSC   Document 1-1   Filed 05/30/25   Page 21 of 33   Page ID
#:27
Case Number CVME2504324 0000125972988 - Jason B. Galkin, Executive Officer/Clerk of the Court By Alyssa LaMar, Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Kristin Kemnitzer   Bar No. 278946
Adam McNeile   Bar No. 280296
KEMNITZER, BARRON & KRIEG, LLP
1120 Mar West St., Ste. C2
Tiburon, CA  94920
TELEPHONE NO.: (415) 632-1900   FAX NO.: (415) 632-1901
ATTORNEY FOR *(Name):* Taylor Haney

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** RIVERSIDE
STREET ADDRESS: 27401 Menifee Center Dr.
MAILING ADDRESS:
CITY AND ZIP CODE: Menifee, CA  92584
BRANCH NAME: Menifee Justice Center

CASE NAME:   HANEY v. SERVICE FINANCE COMPANY, LLC

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [X] **Unlimited**  [ ] **Limited** | [ ] **Counter**  [ ] **Joinder** | CVME2504324 |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [X] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive

4. Number of causes of action *(specify):* 4

5. This case [ ] is  [X] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 15, 2025

Kristin Kemnitzer
_____
(TYPE OR PRINT NAME)                        ▶                 (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
　Medical Malpractice– Physicians & Surgeons
　Other Professional Health Care Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip and fall)
　Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
　Intentional Infliction of Emotional Distress
　Negligent Infliction of Emotional Distress
　Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　Legal Malpractice
　Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
　Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
　Negligent Breach of Contract/ Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
　Collection Case—Seller Plaintiff
　Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ–Administrative Mandamus
　Writ–Mandamus on Limited Court Case Matter
　Writ–Other Limited Court Case Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of County)
　Confession of Judgment *(non-domestic relations)*
　Sister State Judgment
　Administrative Agency Award *(not unpaid taxes)*
　Petition/Certification of Entry of Judgment on Unpaid Taxes
　Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
　Declaratory Relief Only
　Injunctive Relief Only *(non-harassment)*
　Mechanics Lien
　Other Commercial Complaint Case *(non-tort/non-complex)*
　Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief from Late Claim
　Other Civil Petition

Electronically FILED by Superior Court of California, County of Riverside on 04/15/2025 03:43 PM
Case Number CVME2504324 0000125972989 - Jason B. Galkin, Executive Officer/Clerk of the Court By Alyssa LaMar, Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

| | |
|---|---|
| ☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220 | ☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 |
| ☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225 | ☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 |
| ☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882 | ☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 |
| ☒ **MENIFEE** 27401 Menifee Center Dr., Menifee, CA 92584 | ☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501 |

RI-CI032

| | FOR COURT USE ONLY |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*<br>Kristin Kemnitzer  Bar No. 278946<br>KEMNITZER, BARRON & KRIEG, LLP<br>1120 Mar West St., Ste. C2<br>Tiburon, CA  94920<br>   TELEPHONE NO: (415) 632-1900    FAX NO. *(Optional):* (415) 632-1901<br>   E-MAIL ADDRESS *(Optional):* kristin@kbklegal.com, adam@kbklegal.com<br>   ATTORNEY FOR *(Name):* Taylor Haney | |
| PLAINTIFF/PETITIONER:  TAYLOR HANEY | |
| DEFENDANT/RESPONDENT:  SERVICE FINANCE, COMPANY, LLC, et al. | CASE NUMBER:<br>CVME2504324 |

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒   The action arose in the zip code of:  92596 _____

☒   The action concerns real property located in the zip code of:  92596 _____

☐   The Defendant resides in the zip code of:  _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date  April 15, 2025 _____

Kristin Kemnitzer _____   ▶    _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)     (SIGNATURE)

Approved for Mandatory Use
Riverside Superior Court
RI-CI032  [Rev. 07/15/21]
(Reformatted 07/08/24)

Local Rule 3117
riverside.courts.ca.gov

**CERTIFICATE OF COUNSEL**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Menifee Justice Center
27401 Menifee Center Drive, Menifee, CA 92584
www.riverside.courts.ca.gov

**Case Number:**     CVME2504324

**Case Name:**     HANEY vs SERVICE FINANCE COMPANY, LLC

KRISTIN KEMNITZER
1120 MAR WEST ST. STE. C2
Tiburon, CA 94920

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 10/22/2025 | 8:30 AM | Department M301 |
| Location of Hearing:<br>**27401 Menifee Center Drive, Menifee, CA 92584** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161 538 5472 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)





Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.

Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.)

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 04/25/2025

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: _____
     A. LaMar, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Menifee Justice Center
27401 Menifee Center Drive, Menifee, CA 92584
www.riverside.courts.ca.gov

**Case Number:**    CVME2504324

**Case Name:**    HANEY vs SERVICE FINANCE COMPANY, LLC

TAYLOR HANEY

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 10/22/2025 | 8:30 AM | Department M301 |
| Location of Hearing: **27401 Menifee Center Drive, Menifee, CA 92584** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161 538 5472 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)

|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 04/25/2025

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: _____

A. LaMar, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Menifee Justice Center
27401 Menifee Center Drive, Menifee, CA 92584
www.riverside.courts.ca.gov

**Case Number:**    CVME2504324

**Case Name:**    HANEY vs SERVICE FINANCE COMPANY, LLC

SERVICE FINANCE COMPANY, LLC

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 10/22/2025 | 8:30 AM | Department M301 |
| Location of Hearing:<br>27401 Menifee Center Drive, Menifee, CA 92584 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161 538 5472 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)





Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.

Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.)

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 04/25/2025

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: _____
A. LaMar, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

Notice has been printed for the following Firm/Attorneys or Parties: CVME2504324

KEMNITZER, KRISTIN                          HANEY, TAYLOR
1120 MAR WEST ST. STE. C2
Tiburon, CA 94920


SERVICE FINANCE COMPANY, LLC

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Menifee Justice Center
27401 Menifee Center Drive, Menifee, CA 92584
www.riverside.courts.ca.gov

**Case Number:**   CVME2504324

**Case Name:**   HANEY vs SERVICE FINANCE COMPANY, LLC

## NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Assigned Judge in Department M301  for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316).  Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml.  If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing.  If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

Dated: 04/25/2025

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: _____
A. LaMar, Deputy Clerk

CI-NODACV
(Rev. 02/16/21)

Electronically FILED by Superior Court of California, County of Riverside on 05/08/2025 02:53 PM
Case Number CVME2504324 0000128560753 - Jason B. Galkin, Executive Officer/Clerk of the Court By Carla Alvarez, Clerk

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Kemnitzer, Barron & Krieg, LLP<br>Kristin Kemnitzer, Bar No. 278946 / Adam J. McNeile, Bar No. 280296<br>Malachi J. Haswell, Bar No. 307729 / Katherine Sass, Bar No. 326185<br>1120 Mar West St., Ste. C2, Tiburon, CA 94920<br>TELEPHONE NO.: 415-632-1900        FAX NO. *(Optional):* 415-632-1901<br>E-MAIL ADDRESS *(Optional):* kristin@kbklegal.com/adam@kbklegal.com/kai@kbklegal.com/katie@kbklegal.com<br>ATTORNEY FOR *(Name):* Plaintiff | FOR COURT USE ONLY |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE<br>STREET ADDRESS: 27401 Menifee Center Dr<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Menifee, CA 92584<br>BRANCH NAME: |
|---|

| PLAINTIFF/PETITIONER: Taylor Haney | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Service Finance Company, LLC, et al | CVME2504324 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✓] other *(specify documents):* Notice of Department Assignment, Certificate of Counsel, Notice of CMC

3. a. Party served *(specify name of party as shown on documents served):*

   Service Finance Company, LLC

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

   Crystal Rodriguez - agent for registered agent for service CSC, authorized to accept service

4. Address where the party was served:
   (Business) 2710 Gateway Oaks Drive, Ste. 150N, Sacramento, CA 95833

5. I served the party *(check proper box)*
   a. [✓] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 4-30-25        (2) at *(time):* 11:12 am
   b. [ ] **by substituted service.** On *(date):*        at *(time):*        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

   (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*        from *(city):*        **or** [ ] a declaration of mailing is attached.

   (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: Taylor Haney | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Service Finance Company, LLC, et al | CVME2504324 |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date):*                (2)  from *(city):*

    (3)  ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me.  *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4)  ☐ to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):*  Service Finance Company, LLC
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☑ other:  Corps. C. 17701.16 (LLC) |

7.  **Person who served papers**
  a.  Name:  Michael Lynn Henry
  b.  Address:  Anderson Process Service, Marin Co. #97, 1537 Fourth Street, PMB 152, San Rafael, CA 94901
  c.  Telephone number: 415-706-0797
  d.  The fee for service was: $ 75
  e.  I am:
    (1)  ☐ not a registered California process server.
    (2)  ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3)  ☑ a registered California process server:
      (i)  ☐ owner  ☐ employee  ☑ independent contractor.
      (ii)  Registration No.: 2019-24
      (iii)  County:  Sacramento

8.  ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  May 5, 2025

Michael Lynn Henry
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶                _____
                     (SIGNATURE )